# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN C. SKINNER, No. 1069523, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4108-CV-C-NKL |
| | ) | |
| TERRY MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff John C. Skinner, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On June 4, 2007, plaintiff Skinner moved for a temporary restraining order and preliminary injunction preventing the implementation and execution of a new regulation which prohibits incarcerated Missouri offenders from participating in or posting ads on any website soliciting pen pals. The new regulation became effective on June 1, 2007.

Defendant has not responded to the pending motion for injunctive relief, but has filed a motion to dismiss on the basis that plaintiff failed to exhaust his administrative remedies and failed to state a claim for which relief could be granted. The motion to dismiss is not yet fully briefed.

"A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition . . . ." Fed. R. Civ. P. 65(b).

In this case, the new regulation or policy was effective before plaintiff's motion was received and docketed by the court, and before plaintiff was granted leave to proceed in forma

pauperis. Thus, his request for relief preventing the implementation of the policy was moot when filed. Further, his motion does not contain facts showing that in the absence of a temporary restraining order he would be immediately and irreparably harmed.

Plaintiff also seeks preliminary relief. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

The preliminary relief plaintiff requests would not preserve the status quo in this case because the policy was implemented prior to the court's receipt of the motion. In considering the relative factors set forth in Dataphase Systems, Inc. v. C.L. Systems, Inc, the court notes that plaintiff does not allege he is unable to communicate with persons outside of the prison or to correspond with pen pals. The new policy only prevents his solicitation of pen pals on electronic websites.

It is also not clear to the court that the harm to plaintiff if preliminary relief is not granted is stronger than the harm that could ensue if this court stops prison officials from enforcing a new written policy or regulation that could relate to prison security and the protection of the general public. Finally, if plaintiff has failed to exhaust his administrative remedies, as defendant alleges, there is a strong likelihood that his case will be dismissed.

Accordingly, it is

RECOMMENDED that plaintiff's motion of June 4, 2007, for a temporary restraining order and preliminary injunction be denied. [4]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 24th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge